**WESTERN RESERVE ACADEMY,**
**Plaintiff-Appellee,**

v.

**UNITED STATES of America,**
**Defendant-Appellant.**

**No. 85–3861.**

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 5, 1986.

Decided Sept. 17, 1986.

David P. Monson, Tax. Div., U.S. Dept. of Justice, Washington, D.C., Michael L. Paup, Glenn L. Archer, Jr., Roger M. Olsen, Ann Durney, Kenneth L. Greene (argued), for defendant-appellant.

Gilbert V. Kelling, Jr. (argued), Billings, Mont., Steven L. Gardner, McDonald, Hop-

kins, & Hardy, Cleveland, Ohio, for plaintiff-appellee.

Before MARTIN and GUY, Circuit Judges, and SUHRHEINRICH, District Judge.*

PER CURIAM.

The government appeals from an adverse district court decision, 619 F.Supp. 394 which followed the filing of cross-motions for summary judgment based on stipulated facts. Thus, the issue before this court is precisely the same as that presented to the district court—whether cash tuition assistance awards paid to Western Reserve faculty members for use in defraying the undergraduate college expenses of their children constitute compensation for which Western Reserve is required to pay withholding and Federal Insurance Contribution Act (FICA) taxes.

The district court rejected Western Reserve's argument that such payments were scholarships and therefore not income for tax purposes.[1] Accordingly, the court ruled that such payments constituted in-

come to the faculty recipients. The court went on to hold further, however, that although such payments were income, they did not constitute wages subject to withholding and FICA taxes to be paid by the employer.[2] In reaching this decision, the district court relied upon the distinction made between wages and income by the Supreme Court in *Central Illinois Public Service Co. v. United States*, 435 U.S. 21, 98 S.Ct. 917, 55 L.Ed.2d 82 (1978).

After a careful review of the issue presented on appeal, we conclude that it was correctly decided by Judge Krenzler below. Further, we conclude that his well written opinion covers all the issues raised and addresses all of the arguments advanced by the parties here and below. On appeal the parties have merely reiterated the arguments they made to the trial court. Accordingly, we adopt the district court opinion as the opinion of this court and AFFIRM.

---

\* Honorable Richard F. Suhrheinrich, United States District Court, Eastern District of Michigan, sitting by designation.

1.  Scholarships are exempt from gross income. The Internal Revenue Code, 26 U.S.C. § 117 provides in pertinent part:
    (a) General rule.—In the case of an individual, gross income does not include—
    (1) any amount received—
    (A) as a scholarship at an educational organization....
    The Code does not define "scholarship" but the regulation promulgated by the IRS applicable to § 117 in 26 C.F.R. § 1.117–3 defines a scholarship as follows:
    § 1.117–3 Definitions.
    (a) Scholarship. A scholarship generally means an amount paid or allowed to, or for the benefit of, a student, whether an undergraduate or a graduate, to aid such individual in pursuing his studies. The term includes the value of contributed services and accommodations (see paragraph (d) of this section) and the amount of tuition, matriculation, and other fees which are furnished or remitted to a student to aid him in pursuing his studies. The term also includes any amount received in the nature of a family allowance as a part

of a scholarship. However, the term does not include any amount provided by an individual to aid a relative, friend, or other individual in pursuing his studies where the grantor is motivated by family or philanthropic considerations. If an educational institution maintains or participates in a plan whereby the tuition of a child of a faculty member of such institution is remitted by any other participating educational institution attended by such child, the amount of the tuition so remitted shall be considered to be an amount received as a scholarship.

2.  The procedural history of this case is as follows. The Commissioner determined that the awards taxpayer distributed to its faculty members constituted wages subject to withholding and FICA taxes and proposed adjustments for taxpayer's 1976 through 1979 tax years. On March 17, 1982, the Commissioner assessed withholding and FICA tax deficiencies against taxpayer for the first quarter of 1977 in the amount of $1,511.28. On April 2, 1982, taxpayer paid $250 in withholding and FICA taxes attributable to one faculty member, Frank H. Longstreth, for the first quarter of 1977. Thereafter, taxpayer filed a claim for refund, which was denied. Taxpayer then filed this suit for refund in the district court.