DANIEL R. AND THERESA M. WOLPAW, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wolpaw v. Commissioner
Docket No. 20654-91
United States Tax Court
T.C. Memo 1993-322; 1993 Tax Ct. Memo LEXIS 321; 66 T.C.M. (CCH) 177; July 20, 1993, Filed *321 Decision will be entered for respondent. For petitioners: Frederick N. Widen. For respondent: J. Scott Broome. COUVILLION
COUVILLION
MEMORANDUM OPINION COUVILLION, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) [1] and Rules 180, 181, and 182. Respondent determined deficiencies in Federal income taxes of $ 4,815.55 and $ 1,984.98, respectively, for petitioners' 1987 and 1988 tax years. The sole issue for decision is whether petitioners are entitled to exclude from gross income, under section 117, tuition reductions or waivers granted *322 to petitioner Theresa M. Wolpaw (Mrs. Wolpaw) by Case Western Reserve University (the University) during 1987 and 1988, while Mrs. Wolpaw was enrolled as a medical student in the College of Medicine (the medical school) at the University. The case was submitted under Rule 122. Accordingly, the stipulated facts and annexed exhibits are made part hereof by reference. Petitioners, husband and wife, were residents of the State of Ohio at the time their petition was filed. Petitioner Daniel R. Wolpaw (Dr. Wolpaw) is a medical doctor. In addition to being employed by the Veterans' Administration, Dr. Wolpaw was employed full time during the years in question as a professor in the medical school at the University. On June 8, 1983, Mrs. Wolpaw was accepted into the medical school and, on August 29, 1983, enrolled as a full-time student. She continued as a full-time student in the medical school until May 1988. The parties agree that, as a medical student, Mrs. Wolpaw was a graduate student. Mrs. Wolpaw was not an employee of the medical school or the University, and the course of study she pursued at the medical school did not require any teaching, research, or the performance of *323 other services in the nature of part-time employment for which she would receive compensation. The parties further agree that the medical school and the University qualify as an educational organization described in section 170(b)(1)(A)(ii) for purposes of section 117. Prior to and during the years in question, the University had an employee tuition benefit plan (the plan) wherein the children and spouses of employees of the University were allowed a waiver or reduction of some or all of the tuition for enrollment as a student at any college of the University, including the medical school. Pursuant to the plan, Mrs. Wolpaw, as the spouse of an employee of the University, was eligible for and was credited with, during the years in question, waivers or reductions in tuition as a student in the medical school. These waivers or reductions in tuition amounted to $ 13,400 and $ 6,950, respectively, for 1987 and 1988. The amounts of these waivers were identified as fringe benefits on the Internal Revenue Service Forms W-2, Wage and Tax Statements, issued by the University to Dr. Wolpaw for 1987 and 1988. Petitioners did not include these amounts as income on their 1987 and 1988 joint *324 Federal income tax returns. In the notice of deficiency, respondent determined that the tuition waivers constituted taxable fringe benefits, thus resulting in the deficiencies in tax set out in the notice of deficiency. Petitioners contend the tuition waivers are excludable from gross income under section 117. Section 117(a) provides as a general rule that gross income does not include any amount received as a qualified scholarship by an individual who is a candidate for a degree at a qualified educational institution. The Supreme Court has construed a scholarship to be a relatively disinterested, no-strings educational grant with no requirement of any substantial quid pro quo from the recipient. Bingler v. Johnson, 394 U.S. 741, 751 (1969). In the Deficit Reduction Act of 1984, Pub. L. 98-369, 98 Stat. 494, 887, section 532 of the Act amended section 117 [2] of the Internal Revenue Code by adding subsection (d): (d) QUALIFIED TUITION REDUCTIONS. -- (1) IN GENERAL. -- Gross income shall not include any qualified tuition reduction. (2) QUALIFIED TUITION REDUCTION. -- For purposes of this subsection, the term "qualified tuition reduction" means *325 the amount of any reduction in tuition provided to an employee of an organization described in section 170(b)(1)(A)(ii) for the education (below the graduate level) at such organization (or another organization described in section 170(b)(1)(A)(ii)) of -- (A) such employee, or (B) any person treated as an employee (or whose use is treated as an employee use) under the rules of section 132(f). (3) REDUCTION MUST NOT DISCRIMINATE IN FAVOR OF HIGHLY COMPENSATED, ETC. -- Paragraph (1) shall apply with respect to any qualified tuition reduction provided with respect to any officer, owner, or highly compensated employee only if such reduction is available on substantially the same terms to each member of a group of employees which is defined under a reasonable classification set up by the employer which does not discriminate in favor of officers, owners, or highly compensated employees. (b) EFFECTIVE DATE. -- The amendment made by this section shall apply to qualified tuition reductions (as defined in section 117(d)(2) of the Internal Revenue Code of 1954) for education furnished after June 30, 1985, in taxable years ending after such date.
*326 Since section 117(d) applies only to education below the graduate level, and Mrs. Wolpaw was a graduate student, petitioners agree that section 117(d) is not literally applicable to this case. However, petitioners contend that subsequent legislation, the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085, 2872, covers this case and allows the exclusion from gross income of the tuition reductions or waivers for Mrs. Wolpaw's education during 1987 and 1988. The provision relied on by petitioners in the Tax Reform Act of 1986 is section 1853(f) of the Act, Transitional Rules For Treatment of Certain Reductions in Tuition, subsection (3), which provides: (3) Any reduction in tuition provided with respect to a full-time course of education furnished at the graduate level before July 1, 1988, shall not be included in gross income if -- (A) such reduction would not be included in gross income under the Internal Revenue Service regulations in effect on the date of the enactment of the Tax Reform Act of 1984, and (B) such reduction is provided with respect to a student who was accepted for admission to such course of education before July 1, 1984, and began such course of education *327 before June 30, 1985.
Petitioners contend that section 1853(f)(3) above was enacted as a transitional rule with respect to section 117(d) of the Internal Revenue Code which, as noted above, was added to section 117 by the Tax Reform Act of 1984. Petitioners argue that section 117(d) eliminated the exclusion from gross income of tuition waivers or reductions with respect to graduate students, and, since no relief was provided in the Tax Reform Act of 1984 to affected graduate students receiving tuition waivers or credits at the time of the enactment of this provision, section 1853(f)(3) in the Tax Reform Act of 1986 provided transitional relief to such students. In furtherance of their argument, petitioners contend Mrs. Wolpaw's factual and legal situation meets the criteria set out in section 1853(f)(3) of the Tax Reform Act of 1986, in that the reduction or waiver of tuition was provided to her as a graduate student before July 1, 1988; that she was entitled to tuition waivers as the spouse of an employee of the University; and that she was accepted for admission into the medical school before July 1, 1984, and began her course of education before June 30, 1985. The Court *328 agrees with petitioners that section 1853(f)(3) of the Tax Reform Act of 1986 governs to determine whether the tuition waivers or reductions are excludable from gross income under section 117. For the reasons hereafter discussed, the Court concludes that such section does not serve to exclude the amounts at issue. In reaching this conclusion, the Court does not find it necessary to address petitioners' contention that the Deficit Reduction Act of 1984, supra, in the enactment of section 117(d), eliminated the exclusion from income of tuition waivers or reductions to graduate students, or petitioners' contention that section 1853(f)(3) of the Tax Reform Act of 1986 was a transitional rule to section 117(d) of the Internal Revenue Code. Under section 1853(f)(3) of the Tax Reform Act of 1986, there are two requirements which must be met in order for graduate tuition waivers or reductions to qualify for the exclusion from gross income: (1) As provided in section 1853(f)(3)(A), "such reduction would not be included in gross income under the Internal Revenue Service regulations in effect on the date of enactment of the Tax Reform Act of 1984", and (2) The student must have been *329 accepted for admission and enrolled in the educational institution before certain prescribed dates. Sec. 1853(f)(3)(B). The parties agree that Mrs. Wolpaw met the requirements of section 1853(f)(3)(B). Petitioners contend Mrs. Wolpaw also met the requirement of section 1853(f)(3)(A). The Court disagrees with that contention. The tuition waivers or reductions were not awarded to Mrs. Wolpaw. Mrs. Wolpaw was not an employee of the University. The waivers or reductions were awarded to her husband, Dr. Wolpaw, who was an employee of the University. The amounts of these tuition waivers were reflected and reported, for Federal income tax purposes, not as payments or benefits to Mrs. Wolpaw, but as payments or benefits to Dr. Wolpaw. Dr. Wolpaw was not a student at the University. Section 1.117-4, Income Tax Regs., describes certain payments or allowances which are not to be considered as a scholarship or a fellowship grant for purposes of the exclusion from income under section 117. Among the types of payments or allowances disallowed is that described in section 1.117-4(c)(1), Income Tax Regs.: (c) Amounts paid as compensation for services or primarily for the benefit of *330 the grantor. (1) * * * any amount paid or allowed to, or on behalf of, an individual to enable him to pursue studies or research, if such amount represents either compensation for past, present, or future employment services or represents payment for services which are subject to the direction or supervision of the grantor.
Since the payments or allowances were made to Dr. Wolpaw, in his capacity of, and because he was, an employee, and since Dr. Wolpaw was not the person who pursued the studies or research, the amounts of the tuition waivers or reductions constituted compensation for Dr. Wolpaw's services as an employee of the University. Under section 117(d), with respect to tuition reductions or waivers to students below the graduate level which are excluded from gross income, the excluded tuition waivers or reductions are allowable either to the employee of a plan or, under section 117(d)(2)(B), to "any person treated as an employee (or whose use is treated as an employee use) under the rules of section 132(f)." Under section 132(f)(2), any use by the spouse and dependent children of an employee shall be treated as use by the employee. Thus, for purposes of section 117(d), *331 tuition waivers or reductions are excluded from gross income even if the waivers are for the benefit of a spouse or dependent child of the employee. There is no such provision in either section 117(a), (b), or (c) to allow the spouse of the employee to be treated as the employee for purposes of the exclusion from income. In other words, Mrs. Wolpaw cannot stand in the shoes of Dr. Wolpaw for purposes of section 117(b). However, had Mrs. Wolpaw received the same tuition reductions or waivers as a student below the graduate level, Mrs. Wolpaw would stand in the shoes of Dr. Wolpaw for purposes of the exclusion from income, but only because of section 117(d)(2)(B). Such a provision simply is not there with respect to graduate tuition waivers. The Court, accordingly, holds that petitioners have not satisfied the requirements of section 1853(f)(3)(A) of the Tax Reform Act of 1986. Accordingly, the tuition waivers or reductions must be included in petitioners' gross income for 1987 and 1988. Cf. Western Reserve Academy v. United States, 801 F.2d 250 (6th Cir. 1986), affg. per curiam 619 F. Supp. 394 (N.D. Ohio 1985). Decision *332 will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code in effect for the years at issue. However, since the Deficit Reduction Act of 1984 and the Tax Reform Act of 1986 are referenced, for clarity's sake, section references in connection with these acts are so identified and, to avoid confusion, section references to the Internal Revenue Code are occasionally identified as such. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. At the time of its amendment by the Deficit Reduction Act in 1984, section 117(a) provided generally that gross income did not include any amount received as a scholarship at a qualified educational institution or a fellowship grant. If the recipient of a scholarship or fellowship grant was a candidate for a degree, section 117(b)(1) provided generally that the exclusion from income under subsection (a) did not apply to that portion of the scholarship or fellowship which represented payment for teaching, research, or other services in the nature of part-time employment required as a condition to receiving the scholarship or the fellowship. However, section 117(b)(1)↩ further provided that, if teaching, research, or other services were required of all candidates (whether or not the candidates were recipients of a scholarship or fellowship), for a particular degree as a condition to receiving such degree, the teaching, research, or other services were not regarded as part-time employment, and the scholarship or fellowship was excluded from gross income.